# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NICHOLAS WALLS,

        **Plaintiff,**

  -vs-                                              Case No.    02-C-1188

LARRY WESTOVER, DR. ELSA HORN,
AMY RADLOFF, DANIEL KLOTZBACH,
and MICHAEL KLEMAN,

        **Defendants.**

## DECISION AND ORDER

        The plaintiff, Nicholas Walls, filed this civil rights action while incarcerated as a state prisoner pursuant to 42 U.S.C. § 1983. At the time the plaintiff filed the complaint, he was proceeding *pro se*, but has since retained counsel. *See* Notice of Appearance by Joan M. Boyd Filed April 14, 2003. This order addresses the plaintiff's motion to dismiss without prejudice and the defendants' motion to rescind the dispositive motion filing deadline, as well as a matter concerning the scheduling order raised by the plaintiff.

        On April 12, 2005, the parties filed a stipulation providing additional time for the plaintiff to respond to the defendants' discovery requests and additional time for the parties to file dispositive motions. The court approved this modification of the scheduling order. (April 21, 2005 Order).

        On April 12, 2005, the plaintiff also filed a motion requesting an extension of the "the discovery deadline of April 6, 2005, for an additional 45 days, in accordance with the Stipulation . . . [and] in the interests of justice." (Plaintiff's Motion to Extend at 1). The court

misapprehended this motion to be duplicative of the extension stipulated to by the parties and thus terminated the plaintiff's motion. However, the defendants' response clarifies that the plaintiff in fact sought an extension of the time in which he may conduct discovery. The plaintiff has been granted repeated extensions throughout the course of this action, and has offered no explanation for why he was unable to complete discovery in a timely manner. His motion will be denied and the time period for conducting discovery will not be reopened.

On May 19, 2005, the plaintiff filed a motion to dismiss without prejudice. He asserts that: he is unable to obtain his medical records so as to respond to the defendants' interrogatory in a timely way; as a full-time university student, he is unable to afford the costs of research, copying and an investigator associated with the prosecution of this action; and as a student, he lacks sufficient time to ensure accurate and timely prosecution of this matter. (Motion to Dismiss at 1). The defendants oppose dismissal without prejudice, but would support dismissal with prejudice. (Defendants' Brief at 1).

As the defendants have not stipulated to dismissal without prejudice and have already filed an answer, dismissal without prejudice and without order of the court pursuant to Fed. R. Civ. P. 41(a)(1) is no longer an option for the plaintiff.

More than three years after this case was filed, it is languishing. Both parties have sought and received extensions during its pendency. However, the state defendants have invested time and resources in defending against the action. They have filed motions to whittle down the number of defendants originally named and claims originally raised. They have sought discovery to illuminate certain of the plaintiff's claims. It appears that the plaintiff has yet to fully comply with the defendants' discovery requests, and he now seeks dismissal without

prejudice because his action does not take top priority. Pursuant to Fed. R. Civ. P. 41(a)(2), the court may enter an order dismissing this action at the plaintiff's insistence upon such terms and conditions as the court deems proper. In light of the circumstances, the court does not find that dismissal without prejudice would be appropriate at this time. The plaintiff's motion to dismiss without prejudice will be denied. If the plaintiff wishes to seek dismissal with prejudice, he should notify the court within 21 days. In order to accommodate the plaintiff's consideration of dismissal with prejudice and to provide the defendants with sufficient time to prepare their contemplated summary judgment motion, *see* Defendants' Motion to Rescind Dispositive Motion Filing Deadline, if necessary, the court will extend the dispositive motion filing deadline to August 1, 2005.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for an extension(docket # 108) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to dismiss without prejudice (docket # 114) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion to rescind dispositive motion filing deadline (docket # 117) is **granted**. The dispositive motion filing deadline shall be extended to **August 1, 2005**.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2005.

BY THE COURT:

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge